OPINION. Arundell, iJv¡dge\ The petitioner asserts error on the part of the respondent in attributing to her, under section 22 (a) of the Internal Revenue Code, that portion of the trust income derived from property placed in the trust by her. She contends that her gifts were complete and that even though she was trustee with wide management powers, she had no taxable interest whatsoever in the corpus or the income thereof and that she enjoyed no economic advantages as a result of her trusteeship. The respondent, in support of his determination, relies principally upon Joel E. Hall, 4 T. C. 506, and Louis Stockstrom, 3 T. C. 255 (appeal pending when the briefs were submitted). In the interim, the Stockstrom case has, in so far as here material, been affirmed, 148 Fed. (2d) 491; certiorari denied, 326 U. S. 719, and the Hall case has been reversed, 150 Fed. (2d) 304. We are of the opinion that the petitioner should prevail. She did not enjoy the important attributes of ownership so as to warrant charging her with receipt of the income in question. Certainly Helvering v. Clifford, 309 U. S. 331, does not go so far. The Stockstrom case, supra, probably represents the furthest extension of the Clifford principles that has yet been approved, and in that case this Court fixed upon the factor that the settlor-trustee “was not required to distribute any part of the income to any of the beneficiaries during his lifetime.” Such is not the situation here. It may be true that the extent of the managerial powers here is comparable to those of the trustee in the Stockstrom case but, even so, we have uniformly held that management powers through which no economic gain may be derived are not sufficient to justify holding the settlor-trustee chargeable with the income. Estate of Benjamin Lowenstein, 3 T. C. 1133; Lura H. Morgan, 2 T. C. 510; David Small, 3 T. C. 1142; Herbert T. Cherry, 3 T. C. 1171; W. C. Cartinhour, 3 T. C. 482. And see the following Circuit Courts of Appeal cases: Commissioner v. Branch, 114 Fed. (2d) 985; Jones v. Norris, 122 Fed. (2d) 6; Helvering v. Palmer, 115 Fed. (2d) 368; Armstrong v. Commissioner, 143 Fed. (2d) 700. Here the petitioner could distribute the income at her discretion until the beneficiary reached the age of 30 years. At that time the accumulated income, as well as the corpus of the trust, became payable to him. Hence, the trust indenture fixed a time for payment of the income and distribution of the principal which permitted of no variation by the trustee. We considered almost the same situation in the light of the Stockstrom decision in J. M. Leonard 4 T. C. 1271; in. Alice Ogden Smith, 4 T. C. 573; and in connection with the trusts for the primary benefit of the children, in Alex McCutchin, 4 T. C. 1242. In each of those cases, now acquiesced in by the Commissioner, we held that the settlor-trustee was not taxable on the income of the trusts. The instant case should be accorded the same treatment. See also Hawkins v. Commissioner, 152 Fed. (2d) 221. Reviewed by the Court. Decision will be entered for the 'petitioner.